PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.
and three other causes.

In re HUGH THOMAS CO.

(District Court, S. D. New York. February 7, 1913.)

Nos. 2—9, 2—33, 2—149, 3—37.

RECEIVERS (§ 147*)—CLAIMS—SPECIAL FUNDS—SPECIFICATION.

A street railway company, after coming into possession of a railroad under a lease, purchased from petitioner certain paving gravel at the agreed price of $869.09. Thereafter both the lessor and the lessee companies passed into the hands of separate receivers, who received a fund owned by both companies, in severalty. In certain litigation over the fund, it was determined that the amount due plaintiff should be taken out of the share of the fund due the lessor company, and paid over to the receiver of the lessee company. *Held,* that such determination earmarked the fund as a special one to use for the payment of petitioner's claim, and that petitioner was therefore entitled to receive the same from the lessee company's receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 257–259; Dec. Dig. § 147.*]

Action by the Pennsylvania Steel Company and others against the New York City Railway Company and others. Petition by the Hugh Thomas Company holding a claim against the City Railway Company for the price of certain gravel. Application allowed.

See, also, 201 Fed. 418.

O'Brien, Boardman & Platt, of New York City, for Hugh Thomas Co.

Geller, Rolston & Horan, of New York City, for Farmers' Loan & Trust Co.

Dexter, Osborn & Fleming, of New York City, for receiver of New York Ry. Co.

Davies, Auerbach, Cornell & Barry, of New York City, for Guaranty Trust Co.

Masten & Nichols, of New York City, for receiver of Metropolitan St. Ry. Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. The argument has been quite extended, but it seems to the writer that the question is a narrow one, and that it may be quite simply stated.

At a time when, under the terms of its lease from the Metropolitan, the City Company was in possession of the street railroad in First avenue, it bought from the petitioner paving gravel at the agreed price of $869.09. He was not informed as to what the City Company expected to do with this; but it bought it with the purpose and intent of using it to reconstruct the First Avenue line for operation by electricity, and the gravel was in fact all used for that purpose. The City Company did not pay the petitioner, and, when it went into the hands of receivers, petitioner was one of its creditors, with a claim against its estate to be paid so far as that estate might be able to respond.

A fund came into being, after receivers were appointed, which was reduced to cash, aggregating $X$ plus $Y$ dollars. This fund was owned by both railroad companies, not jointly, but each owning part of it. Not being able to agree as to how much belonged to each, the companies brought their controversy to a court of equity. After an exhaustive examination of the prior history of both roads, that court decided that, of the fund, the Metropolitan owned $X$ dollars and the City Company owned $Y$ dollars. The court went further, and decided that, because the City Company had bought petitioner's gravel, but never paid him for it, and had used it for the purpose above stated, the sum of $869.09 should be taken out of $X$, the share of the Metropolitan, and turned over to the receiver of the City Company.

It seems to the writer that this earmarked the $869.09 as belonging to this claim for gravel, that it was constituted a special fund, to be used for the payment of such claim, and that it should be paid to petitioner (as soon as it may be actually deducted), not upon any theory of preference over general creditors, but because to this particular $869.09, thus specially set apart only because it is due to this petitioner, no other creditor of the City Company has any claim at all. It is not sufficient to say that the circumstances attending the sale of the gravel did not give petitioner a lien on the estate of the City Company. This $869.09 is not a part of the general estate of that company, but a special fund its receiver is to disburse.

An order may be taken directing the city receiver, after he shall have deducted this $869.09 from the distributive share of the fund arising from the settlement of the two actions, to turn over to petitioner.